**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ASMODEE GROUP, <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUAL, CORPORATION, LIMITED LIABILITY COMPANY, PARTNERSHIP, AND UNINCORPORATED ASSOCIATION IDENTIFIED ON SCHEDULE A HERETO, <br><br> Defendant. | Case No.: 25-cv-2753 <br><br> Judge Edmond E. Chang |

**FINAL JUDGMENT ORDER**

This action having been commenced by ASMODEE GROUP against the Defendant No. 56 "Wuhan Hanyang Nike Department Store Sales Department (individual Business)" as identified in the Amended Schedule A and using the Defendant Online Marketplace Accounts (collectively, the "Defendant Internet Stores"), and Plaintiff having moved for entry of Default and Default Judgment against the defendant identified in the Amended Schedule A attached hereto (the "Defaulting Defendant");

This Court having entered upon a showing by Plaintiff, a temporary restraining order and preliminary injunction against Defaulting Defendant which included an asset restraining order;

Plaintiff having properly completed service of process on Defaulting Defendant, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendant received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendant of the

pendency of the action and affording them the opportunity to answer and present its objections; and

The Defaulting Defendant not having answered the Amended Complaint or appeared in any way, and the time for answering the Amended Complaint having expired;

THIS COURT HEREBY FINDS, in the absence of adversarial presentation, that it has personal jurisdiction over Defaulting Defendant since Defaulting Defendant directly targets its business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendant is reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products bearing counterfeit versions of SPOT IT! Trademarks which are protected by U.S. Trademark Registration Nos. 3,847,543; 5,511,443; 5,651,873; 5,658,407 and 5,802,853 (collectively referred to as the "SPOT IT! Trademarks").

THIS COURT FURTHER FINDS that Defaulting Defendant is liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.).

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defaulting Defendant is deemed in default and that this Final Judgment is entered against Defaulting Defendant.

IT IS FURTHER ORDERED that:

1. Defaulting Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with it be permanently enjoined and restrained from:

2

a. using the SPOT IT! Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine SPOT IT! Product or is not authorized by Plaintiff to be sold in connection with the SPOT IT! Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine SPOT IT! Product or any other product produced by Plaintiff, that is not Plaintiff's or is not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the SPOT IT! Trademarks;

c. committing any acts calculated to cause consumers to believe that Defaulting Defendant's products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing the SPOT IT! Trademarks and damaging Plaintiff's goodwill;

e. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the SPOT IT! Trademarks or any reproductions, counterfeit copies or colorable imitations thereof; and

f. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendant could continue to sell Counterfeit/Infringing Products.

2.  Those in privity with Defaulting Defendant and with actual notice of this Order, including any online marketplaces such as Alibaba, Alipay, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Online Marketplace Accounts, and domain name registrars, shall within five (5) business days of receipt of this Order:

    a.  disable and cease providing services for any accounts through which Defaulting Defendant engages in the sale of counterfeit and infringing goods using the SPOT IT! Trademarks, including any accounts associated with the Defaulting Defendant listed in the Amended Schedule A attached hereto; and

    b.  disable and cease displaying any advertisements used by or associated with Defaulting Defendant in connection with the sale of counterfeit and infringing goods using the SPOT IT! Trademarks.

3.  Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiffs are awarded statutory damages from the Defaulting Defendant in the amount of fifteen-thousand dollars ($15,000) for willful use of counterfeit SPOT IT! Trademarks on products sold through at least the Defendant's Internet Store. This statutory award strikes the right balance between the goals of deterrence and providing some compensation without crossing the line into over-deterrence and punishment.  The offer price of the infringing good is very, very modest, R. 38 at 1 ($1.70), and the Defaulting Defendant appears to have sold only 10 units, *id.* And the Defendant appears to have only garnered three buyer reviews, R. 21 at 2, suggesting a relatively low sales volume overall. The $15,000 reasonably accomplishes the statutory goals.

4.  Alibaba and Alipay shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendant,

4

Defaulting Defendant's Online Marketplace Accounts or Defaulting Defendant's websites identified in the Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendant's assets.

5. All monies currently restrained in Defaulting Defendant's financial accounts, including monies held by Alibaba and Alipay, are hereby released to Plaintiff as partial payment of the above-identified damages, and Alibaba and Alipay are ordered to release to Plaintiff the amounts from Defaulting Defendant's Alibaba and Alipay accounts within ten (10) business days of receipt of this Order.

6. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on Alibaba and Alipay in the event that any new Alibaba and Alipay accounts controlled or operated by Defaulting Defendant are identified. Upon receipt of this Order, Alibaba and Alipay shall within five (5) business days:

   a. Locate all accounts and funds connected to Defaulting Defendant, Defaulting Defendant's Online Marketplace Accounts or Defaulting Defendant's websites, including, but not limited to, any Alibaba and Alipay accounts;

   b. Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendant's assets; and

   c. Release all monies restrained in Defaulting Defendant's Alibaba and Alipay accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

7. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on any banks, savings and loan associations, or other financial institutions (collectively, the "Financial

Service Providers") in the event that any new financial accounts controlled or operated by Defaulting Defendant are identified. Upon receipt of this Order, the Financial Service Providers shall within five (5) business days:

    a.    Locate all accounts connected to Defaulting Defendant, Defaulting Defendant's Online Marketplace Accounts or Defaulting Defendant's websites;

    b.    Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defaulting Defendant's assets; and

    c.    Release all monies restrained in Defaulting Defendant's financial accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

8. In the event that Plaintiff identifies any additional online marketplace accounts, domain names or financial accounts owned by Defaulting Defendant, Plaintiff may send notice of any supplemental proceeding to Defaulting Defendant by e-mail at the email addresses identified in Exhibit 2 to the Declaration of Céline Bucki and any e-mail addresses provided for Defaulting Defendant by third parties.

Dated: 07/08/2025

_____
The Honorable Edmond E. Chang
United States District Judge

6

**AMENDED SCHEDULE A**

| No. | Defendant Name / Alias |
|-----|------------------------|
| 56  | Wuhan Hanyang Nike Department Store Sales Department (individual Business) |